# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2789-20

J.T.S.,

    Plaintiff-Appellant,

v.

J.S.,[1]

    Defendant-Respondent.

_____

Argued July 11, 2022 – Decided August 2, 2022

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-2004-21.

J.T.S., appellant, argued the cause pro se.

HD Family Law – Law Offices of Helen M. Dukhan, LLC, attorney for respondent (Helen M. Dukhan, on the brief).

PER CURIAM

---

[1] We use initials to protect victims of domestic violence. R. 1:38-3(d)(9).

Plaintiff appeals from the May 13, 2021 order denying his application for a temporary restraining order (TRO).  Because plaintiff did not prove a predicate act of harassment or any other act of domestic violence, we affirm.

The parties were married in 2003 and separated in 2020.  They have a daughter, who was four years old at the time of these events.  The record reflects protracted and contentious divorce proceedings, including disputes over custody and parenting time regarding their child.

In his application for a TRO, plaintiff alleged the predicate act of harassment.  He stated that defendant harassed him using the Family Wizard,[2] causing him severe psychological harm.  Plaintiff cited to the following email exchange with defendant:

> PLAINTIFF: Please confirm what time you will drop [K.S.] off and what time you will pick [K.S.] up from my apartment today.  Thanks, [T.S.].
>
> DEFENDANT: Unfortunately we will need to cancel today's visit.  I will be in touch with [the Director of Supervisor Monitors].  Thanks, [J.S.].

Plaintiff applied for a TRO the following day.

---

[2]  "My Family Wizard" is a co-parenting program which allows parents to share messages, calendars, and documents about their children.

The court permitted plaintiff to explain his allegations and to discuss past communications from defendant and her counsel which plaintiff described as "harassing." After considering the testimony, the court found plaintiff had not established the predicate act of harassment, stating, "I don't find that it was . . . defendant's intent to harass or cause harassing communications." The court further stated: "I find that none of the acts which occurred on May 12th, rise to the level of harassment. They may be what we call contretemp[s] and all of the prior alleged domestic violence as set forth in your complaint . . . do not also rise to the level of domestic violence . . . ." The court denied plaintiff's TRO application.

Our review of a family court's decision is limited. Because of the family courts' "special jurisdiction and expertise in family matters[,]" we give special deference to the trial judge's factual and credibility findings. Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, our review of the family court's legal conclusions is de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019); Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013).

On appeal, plaintiff contends the trial court erred in denying his TRO application. He also asserts several arguments not raised before the trial court

and not related to a TRO application. Because those arguments were not raised below, we will not address them here. State v. Galicia, 210 N.J. 364, 303 (2012) (citing Deerfield Est., Inc. v. E. Brunswick, 60 N.J. 115, 120 (1972)).

In seeking a TRO, an applicant must allege an act of domestic violence enumerated under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Plaintiff asserted the email noted above was an act of harassment entitling him to a TRO.

Under N.J.S.A. 2C:33-4,

> [A] person commits a petty disorderly persons offense if, with purpose to harass another, he:
>
> a. Makes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> . . . .
>
> c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

A review of the record demonstrates a lack of credible evidence to support a finding of harassment. Defendant advised plaintiff that she had to cancel that day's parenting time with plaintiff. Plaintiff has not shown defendant intended

4

"to alarm or seriously annoy" him. <u>Ibid.</u> As the trial court noted, the parties were entangled in a custody and parenting time dispute over their daughter and plaintiff was frustrated with the process.

Because the trial judge properly applied the law to the facts presented before him, we see no reason to disturb the order denying the TRO application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2789-20